JOHN S. SMITH, appellant, v. ELEANOR RAMSEY, and the Unknown Heirs of Francis W. Bolgiano, deceased, appellees.

*Appeal from Hancock.*

A. B. and C. were partners in business, C. contributing one half of the capital. A debtor of the firm conveyed to B. certain lands in discharge of the debt. On a dissolution and settlement of the partnership business, by mutual consent, B. conveyed one half of the lands to C., B. still retaining the legal title to the other half.  B. died, leaving an only heir: *Held,* that in equity, B. was a trustee of the firm, and that the trust was executed in part by the conveyance to C.; that he was then the trustee of A., and on his death, his only heir, to whom the legal title descended, became trustee in his place.

Where a bill showed equity on its face, and that about twenty years had elapsed subsequent to the creation of a trust, it was *held,* that lapse of time was not sufficient, of itself, to bar that equity.

BILL IN CHANCERY, in the Hancock Circuit Court, May term 1843, before the Hon. Stephen A. Douglass, brought by the complainant against the defendants. The case was submitted to this Court without argument, on abstracts and briefs of counsel.

The bill states, that in 1810 the complainant and Andrew Crawford entered into co-partnership, and afterwards Francis W. Bolgiano joined them in business, putting in a capital equal to both of them, and being entitled to one half of the profits; that in 1821, Nicholas Stansbury became indebted to the firm on a protested draft, and in discharge thereof, conveyed to Crawford individually, fifty quarter sections of land in the Military Bounty Tract, Illinois, and that afterwards in 1832, the partners being then engaged in settling up the business of the concern, Crawford, by common consent, conveyed one half of the lands to Bolgiano, and that Smith is entitled to one half of the balance of the lands, and that since that time, Crawford and Bolgiano have both died, and that the defendant, Ramsey, is the only heir at law, and prays for a conveyance of one half of the lands held by Ramsey, as the heir of Crawford.

The bill was demurred to, the demurrer sustained, and a decree made, dismissing the bill.

From this decree, Smith, the complainant, appealed to this Court.

*G. C. Dixon,* for the appellant, submitted the following authorities. 2 Story's Eq. Jur. §§ 979, 1207, 1268, and cases there cited; Story's Eq. Pl. §§ 28, 243, 244, 252, 253, 257, 170, 172, 186, 196, 207, 211, 212, 236, 238, 541, 543; Gow on Partn. 34, 232; Sudgen, ch. 15, 607, 614.

*O. H. Browning & N. Bushnell,* for the appellee, Eleanor Ramsey, submitted the following points and authorities, to wit:

1. The personal representatives of Bolgiano, and also the personal representatives of Crawford should have been made parties.

When it appears from the face of the bill, that the proper parties have not been joined in the suit, a demurrer will be sustained. *Spear* v. *Campbell,* 4 Scam. 427; Story's Eq. Pl. §§ 75, 541; *Leigh* v. *Thomas,* 2 Vesey Sen. 312; *Cockburn.* v. *Thompson,* 16 Vesey, 325; *Mitchell* v. *Lenox,* 2 Paige, 281; *Johnson* v. *Rankin,* 2 Bibb, 184.

Whenever a suit is brought by, or against partners, or whenever an account is to be had, all the parties in interest must be brought before the Court. Story's Eq. Pl. §§ 73, 159, 161, 166, 167, 170, 172, 177; *Leigh* v. *Thomas,* 2 Vesey Sen. 312; *Dozier* v. *Edwards,* 3 Litt. 72; *Waggoner* v. *Gray's Adm'r.* 2 Hen. & Munf. 610, 612; *Johnson* v. *Rankin,* 2 Bibb. 184; *Mitchell* v. *Lenox.* 2 Paige, 281; Mitford's Pl. 34, 35.

In a case like this, the defendant is entitled to the answer of the personal representatives of the other partners in taking an account, and that alone is sufficient to require that they should be made parties. Story's Eq. Pl. §§ 169, 218, 219.

In suits about trust property, both trustees and *cestui que trust* must be made parties. Story's Eq. Pl. § 44; *Brasher*

*v. Van Cortlandt,* 2 Johns. Ch. R. 245; *Ver Planck* v. *Merchants' Ins. Co.,* 2 Paige, 449; *Hale* v. *Williams,* 6 Pick. 232.

2. Even admitting that the proper parties are before the Court, the plaintiff shows no equity in his bill.

The bill is wholly uncertain as to what he claimed, or on what account he makes the claim; whether it is on the partnership account, or that there has, or has not been a settlement of partnership accounts, or that there is any balance due him on that account; but claims one half of the lands by number, without reference to the value. Story's Eq. Pl. §§ 241, 244, 250, 251, 257,259.

This does not even rise to the dignity of a fishing bill. Story's Eq. Pl. § 325.

The plaintiff does not show any right to the property claimed.

If partnership capital be invested in land for the benefit of the company, equity will consider the person in whom the legal estate is vested as trustee for the whole concern, and will distribute the property as personal estate, and it will retain the character of personal estate between the legal and personal representatives of deceased partner. 3 Kent's Com. 37, and note *d;* Gow on Partn. 34; 1 Story's Eq. Jur. § 674.

The interest of each partner in the partnership property is his share of the surplus, after the partnership accounts are settled, and all just claims satisfied.

Until then, neither party is entitled to the exclusive possession of the property. 3 Kent's Com. 37; Gow on Partn. 32; In the matter of *Smith,* 16 Johns. 102; *Nichol* v. *Munford,* 4 Johns. Ch. R. 525; *Rodriguez* v. *Heffermann,* 5 do. 428; *Fox* v. *Hanberry,* Cowper, 445; *Field* v. *Taylor,* 4 Ves. 396; *Moody* v. *Payne,* 2 Johns. Ch. R. 548.

3. But if there was no other objection to the complainant's right to maintain his bill, it is a sufficient reply to say, that it is a stale demand. The delay, the lapse of time, possible loss of papers, and the death of partners will prevent the interference of a Court of Equity. *McKnight* v. *Taylor,* 1 How. 161, 167, 168; *Waggoner* v. *Gray's Adm'r.* 2 Hen. and Munf. 607, 609; *Bowman* v. *Waltham,* 1 How. 189, 194; *Sherman* v. *Sherman,* 2 Vern. 276; *Rayner* v. *Pearsall,* 3

Johns. Ch. R. 585, 586; *Mooers* v. *White*, 6 do. 369; *Ray* v. *Bogart*, 2 Johns. Cases, 432; 2 Atkins, 610.

The appropriation of the joint funds of a partnership by one of the members of a firm to the purchase of real estate conveyed to such partner in his own name, will not create a resulting trust in favor of his co-partners, unless the money was so appropriated in pursuance of an agreement between the parties at the time of the purchase. *Forsythe* v. *Clark*, 3 Wend. 637; *Goodwin* v. *Richardson*, 11 Mass. 469, 475.

The Opinion of the Court was delivered by

CATON, J. The bill in this cause states, that, some time about the year 1822, the complainant Crawford, the ancestor of the defendant, and one Bolgiano were doing business in partnership, of the stock and profits of which Bolgiano owned one half, and the other two persons one fourth each. About that time, one Stansbury, being indebted to the firm in about $1600, in payment and satisfaction thereof, conveyed to Crawford for the benefit of the firm, fifty quarter sections of land, which are described in the bill. That, in the year 1832, the firm was settling up and preparing to close its business and dissolve, and that one half of said land, which is described as the share of said Bolgiano, was conveyed to him by mutual consent. That said Crawford still retained the legal title to the residue of said land, to one half of which the complainant is entitled in equity. That since then, and prior to the filing of the bill, Crawford has deceased, and left the defendant his only heir at law. The bill prays for specific and general relief.

To this bill a demurrer was filed, which was sustained by the Court and the bill dismissed, from which decree this appeal is taken.

It is objected to the bill, *first*, a want of proper parties; *second*, that the bill shows no equity on its face; and, *third*, whatever rights the complainant may have had, they are barred by lapse of time.

When Crawford received the legal title to this land, he became a trustee for the firm, each member, in equity having the same interest in it, which he had in the debt for the pay-

ment of which it was received. In 1832, that trust was in part executed, in pursuance of the agreement of all the parties, by the conveyance of the legal title to Bolgiano of his moiety. After that arrangement, which was made with the concurrence of all the parties, the validity of which must, of course, be recognized by this Court, the complainant and Crawford ceased to have any interest in the land thus conveyed to Bolgiano, and he ceased to have any interest in the land, the title to which Crawford still retained, for one half of which he then became trustee for the complainant. Upon the death of Crawford, his heir, to whom the legal title descended, became trustee in his place, to enforce an execution of which, this bill was filed. The counsel for the defendant seem erroneously to have supposed that this bill was filed for an account among partners. The bill does not show that there are any subsisting and unsettled accounts between the members of that firm, and the Court ought not to presume that there is, for the purpose of defeating what is, *prima facie*, good ground for relief, but will leave that matter to be shown by the defendant in her defence, if it be true.

It is not necessary for us now to determine, whether real estate purchased by a firm with funds belonging to the company, is to be treated as personalty in closing up its affairs. On that question there seems to be a great contrariety of authority, and I think, in the language of Mr. Justice Story, it is "open to many distressing doubts." Although the weight of the authorities would seem to indicate, that in a Court of Equity at least, property thus situate, would be treated as partnership assets, to be appropriated to the payment of the partnership debts in preference to the individual debts of the several members of the firm, and that the widow would not be entitled to dower as against such partnership creditors. These questions may possibly arise upon the coming in of the defendant's answer, but they are not here now.

The case might have been very different, had not the parties voluntarily made a partition as to Bolgiano's interest. If, before this partition, this was partnership property, as amongst themselves, it could not be considered as such after-

wards.   By that act they separated this property from the joint stock, and made it individual property.   Before this partition, in equity, all three might be considered as joint tenants of the whole of the land; but, after it, the complainant and Crawford became tenants in common of the half which was not deeded to Bolgiano.   After that, Bolgiano could not insist upon its being appropriated to the payment of partnership debts.   If one of the parties could not, neither could.   That part, the title of which Crawford retained, was no more partnership property than that conveyed to Bolgiano. If one portion continued partnership property, the other did, unless possibly it should appear that there was an express agreement to the contrary.

The objection to the bill, that there are not proper parties, is not well taken.

The bill undoubtedly shows equity on its face, nor is the lapse of time sufficient, of itself, to bar that equity.

The decree of the Court below is reversed, and the cause remanded.

*Decree reversed.*