Opinion by
Will-son, J.

(Transferred, from Austin. J

§ 880. Partnership; liability of partner to the firm for losses caused by his violation of partnership contract; case stated. The parties to this suit were partners in purchasing cattle in Mississippi and shipping them to Texas for sale. They were to share equally in profits and losses. Appellant put into the firm $995. William Gill put in $500. J. M. Wilson claims to have put in $1,050. Deason claims to have put in $250. Wilson and Deason were to purchase and ship the cattle. They were not to pay more than $8 per head for them. Appellant was to take charge of the cattle on their arrival at Decatur, Texas, and care for and sell them for the partnership. Arrangements were made with Greathouse & Co., bankers at Decatur, to advance money to buy cattle as it might be needed, and to pay freights on the cattle as they arrived, and the cattle were to be billed to them to secure them in the money they might advance, together with one and one-half per cent, interest thereon; and said bankers were to direct and control appellant in the sale of said cattle, and receive their money back, with the interest thereon, out of the sales made. Wilson and Deason bought cattle in Mississippi, paying therefor more than $8 per head, and shipped the same to Great-house & Co. at Decatur, Texas, and Greathouse & Co. paid the purchase price of the cattle shipped, as drawn for by Wilson and Deason, and paid the freights thereon. *331 Appellant took charge of the cattle, attended to and sold them; paid Greathouse & Co. their advancements and interest, and paid all the debts of the partnership. It is claimed by appellant that the partnership loss in this cattle business amounted to over $1,500. This suit was brought by appellee Wilson against the other partners, ■viz., William Gill, Deason and appellant, for a settlement of the partnership accounts, claiming that there is due to him, upon a fair settlement, the sum of $700. He recovered judgment against appellant for $497.53, and against Deason for $88.58, but nothing against William Gill. From this judgment appellant alone appeals. The case having been submitted'to the judge without a jury, he filed in the record his conclusions of fact and of law. He found, as facts, that the price to be paid in purchasing the cattle was to be an average price of not over $8 per head; that Wilson and Deason paid more than that price for the cattle they purchased; that appellant, at the time he received and took charge of the cattle, was informed that they had cost more than $8 per head; that two hundred head of said cattle had been purchased at a price exceeding $8 per head, and $500 of the purchase price paid; that appellant was informed of these facts, and objected to and protested against said purchase, hut finally agreed to the completion of it when informed that, 'if it was not completed, the $500 already paid would be forfeited. Upon these facts the judge concluded the law to be as follows: “When a partner violates the contract of partnership, as in this case, by giving or paying more for cattle than agreed upon; that when it is made known to all, that then, if with a full knowledge of the facts, the complaining member receives the property and treats the same as other property of the firm, by his acts he ratifies the acts of the other partners, and is hound by them.” In other words, the judge held that appellant, by receiving the cattle and selling them for the firm, knowing that they had cost more than the price agreed upon, was estopped from claiming of *332 Wilson and Deason that they should bear the loss occurring by reason of their violation of the partnership contract. Held: We cannot agree to this conclusion. This suit is a proceeding in equity, and must be controlled by equitable rules. When a plaintiff invokes equity, he must be ready and willing on his part to do equity. He cannot be permitted to take advantage of his own wrong, and claim that as an estoppel which his own wrongful act has occasioned. Wilson and Deason violated the partnership contract against the protests of appellant, whereby loss resulted to the firm. They knowingly exceeded their authority in the price paid for the cattle. In so doing, they certainly made themselves liable to the other members of the firm to the extent of the loss thus incurred. This loss they alone should bear. “Partners are bound, each to all the others, to act with entire good faith.” [1 Pars, on Oon. star page 166. It would be inequitable to burden the other partners with such loss.
§ 381. Same; estoppel; waiver; rules as to. “An equitable estoppel will be created when a person, by his acts or declarations, designedly induces another to alter his position injuriously to himself. It arises only when the conduct of the party estopped is fraudulent in its purpose or injurious in its results. Where one, by his words or conduct, designedly causes another to believe in the existence of a certain state of things, and induces him to act on that belief, the former is concluded from averring against the latter a different state of things as existing at the same time.” [Williams v. Chandler, 25 Tex. 4.] In this case there is no pretense of any fraudulent purpose in the conduct of appellant, nor of any results therefrom injurious to the other,partners. He was forced to receive the cattle to prevent greater loss to the partnership, and to protect Greathouse & Co. in their advances made to the firm. He, in fact, had no discretion in the matter. He never at any time voluntarily consented to paying more than $8 per head for the cattle, but, on the contrary, more than once, while Wilson and *333 Deason were in Mississippi, instructed them not to pay more than that price. He never at any time waived his right to exact of Wilson and Deason that they alone should bear the loss of the extra price paid. “ A waiver of a right, to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied on as a waiver must be such as to estop a party from insisting on a performance of the contract or forfeiture of the condition.” [Ins. Co. v. Lacroix, 45 Tex. 158.] The facts in this case do not show an estoppel or waiver, but, on the contrary, that appellant has all the time disapproved of the conduct of Wilson and Deason in paying more than the agreed price for the cattle, and has all the time insisted that they alone should bear the loss thus incurred.
October 29, 1884.
§ 382. Same;profits made by one partner ivithpartnership funds belong to the firm. It appears from the evidence that Wilson and Deason used the funds of the firm in purchasing some cattle? which they shipped to and sold in New Orleans, and that they realized a profit on such sales. This was another violation by them of the partnership contract, and they should be required to account fully and strictly for these profits. A partner is not permitted to do anything for his own advantage which will sacrifice the interests of the firm; and, when he uses partnership funds, so that profits accrue therefrom, the profits belong to the partnership, and equity will not permit him to withhold more than his proportionate share thereof. [Evans v. Gibson, 29 Mo. 223; Smith v. Ramsey, 6 Ill. 373; Coder v. Huling, 27 Penn. St. 84; 5 Wait’s Act. & Def. p. 119.]
Reversed and remanded.