## Gay Dorn v. Marvin A. Farr, Trustee, Samuel H. Wright, Successor in Trust, and Abbot L. Mills.

1. CHANCERY PRACTICE—*Objections to Master's Report.*—The rule requires counsel to present the supposed defect in a master's report by specific objection, so that not only the master and the chancellor may be advised of the question raised, but the pleader as well, who may meet the objection by amendment, as where the defect consists of a variance.

**Suit to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed December 12, 1898.

CHARLES PICKLER, attorney for appellant.

No appearance by appellee.

Dorn v. Farr.

Mr. Justice Sears delivered the opinion of the court.

This was a suit to foreclose a trust deed. The bill alleged that the time of payment of the note evidencing the indebtedness and secured by the trust deed was extended for the period of five years from April 17, 1896. The note was declared due by the holder and owner thereof for default in payment of interest, and in accordance with provision of the trust deed. Upon bill, answer and replication, the cause was referred to a master in chancery to take evidence and report conclusions. No defense was interposed at the hearing before the master. Upon the overruling of exceptions and approving of the master's report, the chancellor entered a decree of sale. The master, among other findings, made the following: "That said note was extended five years from April 17, 1896," and "that the material allegations of the bill are true." The objections to the master's report, which were ordered to stand as exceptions, do not point out any specific objection to the findings, and are general. They are in effect only that "the master has found that all the material allegations of the bill have been proven, * * * whereas he should have found that not all the material allegations of the bill have been proven."

The only ground now presented why the decree should be reversed, is that there is no evidence shown which sustains the allegations of the bill of complaint and the finding of the master as to the extension of the note.

It is true that the evidence, which is presented to us by the record here, while it shows that an extension of the note was agreed upon, yet does not show that such extension was for a period of five years, as alleged by the bill of complaint and as found by the master. But all the evidence heard by the master and considered by him in making his finding is not presented to us for review. The master certifies that in pursuance of such reference, he " took the testimony of certain witnesses, which said testimony, together with certain documents introduced in evidence, is returned herewith as a part of this report." No documents thus referred to are brought to us by the record here. Counsel for appellant

seeks to excuse this lack, by stating in his brief that appellees or their counsel have such documents in their possession. We are not warranted in so holding, and if it were so, it would not excuse appellant from the necessity of obtaining them through the aid of the court below, and having them properly certified to us as part of the record. In the absence of this evidence, it will be presumed that it supported the findings of the master, which findings sufficiently sustain the allegations of the bill of complaint. Hill v. Hill, 166 Ill. 54.

But if there was a lack in the proof in this regard, we are of opinion that appellant is not now in a position to question it. His objections to the master's report, which were allowed to stand as exceptions, do not point out specifically any such defect. They do in general terms object that the master should have found "that not all the material allegations of the bill have been proved." If this general objection were held to be sufficient, it would in effect permit counsel, by such sweeping objection, to put the chancellor, as well as the master, to the task of searching the record to discover what particular question of lack or variance counsel might be relying upon. The rule is more reasonable, and requires counsel to present the supposed defect by specific objection, whereby not only the master and the chancellor may be advised of the question raised, but as well the pleader, who might then meet the objection by amendment. Hurd v. Goodrich, 59 Ill. 450; Huling v. Farwell, 33 Ill. App. 238; Farwell v. Huling, 132 Ill. 112; Springer v. Kroeschell, 161 Ill. 358; Wolcott v. L. V. Bldg. & L. Ass'n, 59 Ill. App. 415.

There appears to have been no substantial defense going to the merits of this cause. If appellant desired to avail of technical grounds of objection to the appellees' case, he should have first presented such grounds specifically to the court below, and then have presented to us for review all the evidence considered by the master and the chancellor. The decree is affirmed.