## ELIZABETH DORN

### v.

## JULIA A. BISSELL et al.

*Opinion filed June 17, 1899.*

VARIANCE—*objection of variance cannot be first raised on appeal.* One desiring to insist on a variance between the allegation and proof must make the objection when the evidence is offered and point out the variance specifically to enable the other party to amend.

*Dorn* v. *Bissell*, 79 Ill. App. 656, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

CHARLES PICKLER, for appellant.

MANN & MILLER, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a decree of the superior court of Cook county foreclosing a mortgage.

It is claimed that there was a variance between the note set out in the bill and the note introduced in evidence. The bill alleges that James R. Mann, on June 24, 1889, gave his $1100 note, payable on or before two years after date, to the order of William Turkington, with six per cent interest payable semi-annually, and eight per cent after maturity until paid. The note put in evidence in support of the bill was dated June 24, 1889, for $1100, signed by Mann, payable two years after date, to the order of William Turkington, with interest at six per cent payable annually, and to bear interest after maturity at eight per cent until paid. It thus appears that the note was described in the bill as bearing interest payable semi-annually while the interest on the note read in evidence

was payable annually. It appears, however, that the note was attached to the bill as an exhibit and thus was made a part of the bill, so that the allegation in the bill in regard to the interest being payable semi-annually was corrected by a subsequent part of the bill.

But if there was a variance between the allegation of the bill and the note, appellant could not avail of the variance here, for the reason that no objection of that character was interposed when the note was offered in evidence. Under our practice, if a party wishes to insist on a variance between the allegation and the proof he must make the objection when the evidence is offered, and point out the variance specifically, so the opposite party may amend his pleading and thus obviate the difficulty. *Harris* v. *Shebek*, 151 Ill. 287.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*