## James Barnett v. Napoleon Barnett, use of, etc.

1. CHANCERY PRACTICE—*Decrees Must be Grounded upon the Facts Alleged.*—The facts, upon the finding of which a decree is grounded, must be facts set up by the bill of complaint. If the evidence disproves the case made by the bill, the complainant can not be given a decree upon other grounds disclosed by the proofs, unless the court permits the complainant to amend his bill so as to present the case disclosed by the evidence.

2. PARTNERSHIP ASSETS—*In Real Estate of the Firm.*—Where the interest of two copartners in a fund derived from the sale of land belonging to the firm is specifically found by a decree, and such interest is subject to no right which can arise from an accounting or from partnership debts, it can be reached by the partner himself or by his creditors.

Appeal from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed January 4, 1900. Rehearing denied. .

Statement.—The Philadelphia and Reading Coal and Iron Co., one of the appellees, filed its creditor's bill against appellee Napoleon Barnett and his wife, Mary J. Barnett, and appellant James Barnett and his wife, Mary L. Barnett. The bill was based upon judgments against Napoleon Barnett and wife. The other appellees came into the cause as judgment creditors also, one by consolidation of another cause and one by cross-bill. The substance of the allegations of the bills and cross-bill of these various judgment creditors, aside from setting up their respective judgments and executions returned thereon, was that Napoleon Barnett and James Barnett had been copartners, and that there were unsettled copartnership accounts; that upon a general accounting between the copartners it would be found that Napoleon was entitled to be paid some amount of money by James; that copartnership funds had been invested in real estate, which was described in the name of James Barnett; that certain of it (also described) was taken in the name of Mary L. Barnett, for the use of the copartners;

that some of the real estate described had been sold and the proceeds appropriated by James Barnett, and that Napoleon, the judgment debtor, was entitled to an accounting therefor. No property of the judgment debtor was sought to be reached except interest in real estate described, or proceeds from real estate sold, also described, and the money due to Napoleon from James upon a general copartnership accounting.

, Napoleon Barnett filed his cross-bill, setting up the same allegations as those contained in the original bill of complaint, and also praying for a general accounting by his former copartner.

Upon answer and replication, the bills and cross-bill were referred to a master in chancery to take proofs and report, with conclusions. The master made numerous findings and submitted conclusions of fact and law to the court. The cause came on for hearing upon the master's report, and the exceptions of the parties thereto, and the court entered a decree, approving and confirming the master's report in all things, except as to a part of the report which finds that there is any interest in Napoleon Barnett in certain real estate described in the bill as owned by Mary L. Barnett, and claimed to have been purchased with partnership funds, as to which finding the master's report was overruled. The conclusions confirmed by the decree were substantially, that the complainants were entitled to $2,300 from appellant on account of one-half the purchase price of lot 12, in block 1, in Channing Sweet's subdivision, sold to Thomas H. Watson, September 18, 1891, with interest from date of sale; that said lot 12, block 1, Channing Sweet's subdivision, was purchased with partnership funds; that it is impossible on the evidence to state a general account of the copartnership, and that such accounting is barred by the statute of limitations; that Napoleon Barnett has no interest, legal or equitable, in any real estate mentioned in bills or cross-bill.

Lot 12, described in the master's report and in the decree as the property from sale of which the fund reached by the

decree was derived, is not described either in bills or cross-bill.

From the decree this appeal is prosecuted.

John W. Walsh, solicitor for appellant.

Bentley & Burling, solicitors for appellees; Ullmann & Hacker and Hurley & Koerner, of counsel.

Mr. Presiding Justice Sears delivered the opinion of the court.

It is contended by counsel for appellant that the decree is erroneous because, first, the interest of a copartner in any part of the copartnership property can not be determined until the debts of the copartnership are paid and the accounts between the partners are settled; and secondly, that the rights of Napoleon Barnett to the property in question, which rights are sought to be reached by his creditors, are barred and can not be enforced by him or by them, because an accounting which is essential to the determination of such rights is barred by the statute of limitations.

The answer to each contention is, that it appears conclusively from this record that the accounts of the copartners, as between themselves, have been settled; that all copartnership debts have been paid, and that the copartners are simply *cestuis que trust* in relation to the fund derived from sale of the property by Mary L. Barnett, who held title to and sold the same merely as a trustee for their use.

The findings of facts in the decree, which are conclusive here, as no certificate of the evidence is presented, are as follows:

Finds that a copartnership existed between Napoleon Barnett and James Barnett from July 1, 1875, until May 1, 1885, when it was ended; that on May 23, 1891, a full settlement of all partnership accounts was made by and between the partners, except as to certain real estate then standing in the name of Mary L. Barnett, known and

described as follows : Lot 12, block 1, in Channing Sweet's subdivision of, etc., in Chicago, Cook county, Illinois, which said lot was on the 18th of September, 1891, sold and conveyed to one Thomas H. Watson, a *bona fide* purchaser, for valuable consideration, without notice, for $4,600, which was paid to and used by defendant James Barnett, and no account thereof rendered to his copartner, the defendant Napoleon Barnett; further finds that the defendant Napoleon Barnett is entitled to one-half of the purchase price paid for said lot 12 hereinbefore above set forth, and sold to said Thomas H. Watson, to wit, the sum of $2,300 with interest at the rate of five per cent from the 18th of September, 1891.

The court further finds that with the exception of the lot above mentioned, the said defendant Napoleon Barnett has no interest of any kind whatsoever in the pieces and parcels of land in said bills of complaint and cross-bills mentioned, and that a general account between the said defendants, James and Napoleon Barnett, as copartners, can not be stated, and if the same could be stated, it is barred by the statute of limitations and by the settlement made May 23, 1891.

From these findings of the decree, it appears, and in the absence of a certificate of the evidence, can not be questioned, that there could be no further accounting between the copartners, as well because there had been a complete accounting on May 23, 1891, as because of the bar of the statute. There being no further accounting possible or necessary, and there being no unpaid debts of the firm, it is difficult to see how the proposition contended for and first above noted can govern. The interest of each of the two copartners in the fund derived from the land is found by the decree to be a one-half interest. Such interest is subject to no right which could arise from an accounting or from partnership debts. Hence it would seem that the interest of Napoleon Barnett could be reached by himself or, in this proceeding, by his creditors. Smith v. Ramsey, 6 Ill. 373; King v. Hamilton, 16 Ill. 190; Strong v. Lord,

107 Ill. 25; Van Buskirk v. Van Buskirk, 148 Ill. 9; Galbraith v. Tracy, 153 Ill. 54.

Upon the facts, therefore, as found by this decree, the complainant would seem to be. clearly entitled to relief. But another and more serious question arises upon the pleadings. It is urged by counsel for appellant that the relief granted is not warranted by the allegations of bill of complaint or cross-bill, and that the facts as found, and which are the basis of the ordering part of the decree, are variant from the facts alleged in the pleadings. We see no escape from the force of this contention. The bill of complaint and cross-bill each allege an unsettled copartnership and each prays for a general accounting. The decree finds that there has been a general accounting, and this finding of the decree is essential to the relief granted. The bills and cross-bills allege interest of Napoleon Barnett in certain real estate described in each. The decree finds that Napoleon Barnett has no interest whatever in any of the real estate thus described, but does find an interest in other property not mentioned in bill or cross-bill. This latter discrepancy can hardly be regarded as covered by any general allegation of the bill or cross-bill as to property in general in which Napoleon Barnett is alleged to have an interest, for the only property interests thus generally alleged are such amounts as might be found due upon a general partnership accounting. By the decree it is found that nothing is due upon a general partnership accounting, but that Napoleon Barnett, the judgment debtor, has a fixed interest as *cestui que trust* in the fund derived from sale of land, which land was equitably the property of himself and James.

Where the facts seem to warrant the relief granted and substantial justice appears to have been done, the inclination is strong to approve the result. But the rule in this State is inflexible that the facts, upon the finding of which the decree is grounded, must be facts set up by the bill of complaint. " If the evidence disproves the case made by the bill, the complainant can not be given a decree upon other grounds disclosed by the proofs, unless the court permits

the complainant to amend his bill so as to present the case disclosed by the evidence." Dorn v. Geuder, 171 Ill. 362, and cases therein cited.

Nor do we regard it as controlling that the abstract of the record fails to show that the attention of the learned chancellor who entered the decree was called to the discrepancy.

In Dorn v. Farr, 79 Ill. App. 226, affirmed in 179 Ill. 110, and in Dorn v. Bissell, 79 Ill. App. 656, affirmed in 180 Ill. 73, the variance relied upon was not disclosed· upon mere inspection of the bill of complaint and decree. It was held in these cases that if the variance was not insisted upon in the court below it could not be relied upon in review. But here the variance is apparent upon the record in that the bill of complaint alleges and relies upon an unsettled copartnership, while the decree finds, as a matter essential to relief, a complete settlement of the copartnership accounts, and the decree grants relief in disposing of property not sought to be reached by any allegation, specific or general, of the bill of complaint.

The decree must be reversed and the cause remanded, in order that the appellees may, if they see fit, so amend their bill of complaint or cross-bill as to correspond with the facts.

The decree is reversed and the cause is remanded.