93  585
22a 321
22a 325

93  585
163  596

## SARAH VALENTINE *et al*

*v.*

## WILLIAM H. RUSTE *et al.*

LEGACY—*when payable—interest thereon.* Where legacies or bequests in a will are by their terms to be paid when the testator's estate is settled, the legatees can not demand the same until the happening of the contingency. If the executors should fail to settle the estate when by law they ought to do so, the county court can compel them to make such settlement, and then the legacies might be demanded, and the legatees will not be entitled to interest upon the legacies before the principal is properly demandable.

APPEAL from the Appellate Court of the Second District; the Hon. JOSEPH SIBLEY, presiding Justice, and Hon. E. S. LELAND and Hon. NATHANIEL J. PILLSBURY, Justices.

Mr. A. J. HOPKINS, for the appellants.

Mr. M. E. SOUTHWORTH, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This proceeding was commenced in the county court of Kane county, by certain legatees, to compel the executors to

pay them the full amounts of the several legacies to which they were entitled under the will of William Ruste, deceased. On the hearing, proof was made as to the condition of the estate, and the court ordered the executors to pay the legacies demanded, with interest at the rate of ten per cent per annum after six months from the issuing of letters testamentary.

As we understand this record, the executors, on the making of the order against them, paid the several legacies to the parties entitled thereto under the will, but appealed from that part of the order allowing interest on such legacies, and by stipulation it was agreed no advantage should be taken of the fact the whole order was not appealed from.

On the trial in the circuit court on the appeal, so much of the order of the county court as directed the executors to pay interest on the legacies demanded was reversed, and on appeal taken to the Appellate Court that decision was affirmed. The demandants bring the case to this court on appeal.

By the express terms of the will the several legacies claimed by demandants were to be paid when the estate of the testator "shall be settled." The record before us, as we read it, does not show the estate was settled when this application was made to the county court for an order upon the executors to pay bequests made by the will of the testator  Proof was made that it would have been practicable for the executors to have collected enough money belonging to the estate with which to have discharged all legacies, but whether it was in fact done or not is left somewhat in doubt by the testimony. That, however, is not a matter of any consequence so far as the present decision is concerned. Two years had not elapsed from the date of the issuing of letters, and the executors had not nor were they bound to make final settlement of the estate before the expiration of that period. The testator chose to make his bounty payable on the happening of a certain contingency, viz: the settlement of his estate, and the beneficiaries under his will could not sooner demand it. Should the executors·fail to settle the estate, when by law they ought to do

so, the county court could compel them to make such settlement, and the legacies payable on the happening of that event would then become due and might then be demanded, but not before. As no settlement of the estate had been made before this proceeding was commenced, it follows the legatees could not rightfully demand the bequests to them in the will, and if they could not claim the principals of such bequests, of course they could not demand interest for the detention.

With the equities that may exist between the parties to this litigation we have nothing to do at this time. Whether the executors have realized profits by the use of the funds of the estate with which such bequests might have been sooner paid, and which, in conscience, they ought to account for to the legatees, is a matter not involved in the present litigation and we forbear to discuss it.

The judgment must be affirmed.

*Judgment affirmed.*