In the matter of the Estate of WILLIAM H. SCHOFIELD, deceased.

*Filed at Mt. Vernon June 21, 1881.*

1. ADMINISTRATOR—*when chargeable with interest on estate moneys.* The mere fact that an administrator mingles the trust funds with his own by depositing the money belonging to the estate in his own name, as he does his individual money, can not be held a sufficient ground to charge him with interest on the same. There is no law requiring an administrator to keep the funds of the estate separate and distinct from his own. So long as he has the money belonging to the estate at his command, ready to answer the order of the court, this is all the law requires.

2. The latter part of section 113, chap. 3, Rev. Stat. 1874, p. 124, which requires executors and administrators to be charged ten per cent interest on all moneys and assets in their possession or control after two years and six months from the date of their letters, is intended to embrace all cases in which they shall be chargeable with interest, and in no case should they be held liable for interest until after that time, unless they shall have received interest on the trust fund.

3. Where an administrator, by his report, made after the expiration of two years from the grant of administration, showed a certain amount in his

hands, and no debts remained unpaid, it was *held*, as it was his duty to have procured an order of distribution, and paid out the same, he was properly chargeable with ten per cent interest, after two years and six months from the date of his letters.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. ANGUS LEEK, for the appellants:

1. It is a familiar principle of law, that an executor, administrator, or other trustee, who has used trust funds to his own profit, is chargeable with such profits, if they can be ascertained, or, in lieu thereof, with interest on the sum used. *Whitney et al.* v. *Peddicord et al.* 63 Ill. 249; *Bond et ux.* v. *Lockwood,* 33 id. 212; *Rowan* v. *Kirkpatrick,* 14 id. 1; *Duffy* v. *Duncan,* 35 N. Y. (8 Tiff.) 187; *Bruner's Appeal,* 57 Pa. St. 46; 1 Perry on Trusts, sec. 468; 2 Williams on Executors, 1567, *et seq.*; *Jones* v. *Hoxall,* 15 Beav. 392; White & Tudor's Leading Cases in Equity, vol. 2, part 1, 530; *Manning et al.* v. *Executors of Manning,* 1 Johns. Ch. R. 526; *Schieffelin* v. *Stewart et al.* id. 620; *Anderson* v. *Gregg,* 44 Miss. 170; *Matter of Davis,* 62 Mo. 450.

2. It is also an equally well settled principle of law, that trust money which a trustee, who is a trader, keeps with his banker in his own name, will be presumed to be employed by him in trade, since he obtains in his business the advantage of the additional credit arising from increased balances in his favor. *Sutton* v. *Sharpe,* 1 Russ. 151; *Treves* v. *Townshend,* 1 Bro. C. C. 285; *In re Hilliard,* 1 Ves. Jr. 90; *Young* v. *Combe,* 4 Ves. 104; *Rock* v. *Hart,* 11 id. 61; *Williams* v. *Powell,* 15 Beav. 461; *Milland* v. *Gray,* 2 Coll. 295; 1 Perry on Trusts, sec. 468; *Vernor's Estate,* 6 Watts, 250; *McCall's Estate,* 1 Ash. 357; *Duffy* v. *Duncan,* 35 N. Y. 187; *Estate of McQueen,* 44 Cal. 584; 2 Williams on Executors, 1572; White & Tudor's Leading Cases in Equity, vol. 2, part 1,

530; *Matter of Davis*, 62 Mo. 450; *Robinet's Appeal*, 12 Casey, 174; *Wistar's Appeal*, 4 P. F. Smith, 60; *Hess' Estate*, 18 id. 454; Bispham's Prin. of Equity, sec. 142; *Ex parte Townsend*, 15 Ves. 470.

3.  It is well settled in the United States, that where an executor, guardian, or other trustee, mingles the trust fund with his own, he is liable for interest.  *Munford* v. *Murray,* 6 J. C. R. 1; *Beverleys* v. *Miller*, 6 Munford, 99 ; *Diffenderffer* v. *Winder*, 3 G. & J. 341; *Jacot* v. *Emmett*, 11 Paige, 142; *Garniss* v. *Gardiner*, 1 Edw. Ch. 128 ; *Spear* v. *Tinkham*, 2 Barb. Ch. 211 ; *Peyton* v. *Smith*, 2 Dev. & Batt. Eq. 325 ; *Jameson* v. *Shelby*, 2 Humph. 198 ; *Dyott's Estate,* 2 W. & S. 565; *Kerr* v. *Laird*, 27 Miss. 544; *Robinet's Appeal*, 12 Casey, 174; *Wistar's Appeal*, 4 P. F. Smith, 60; *Hess' Estate*, 18 id. 454; Bispham's Prin. of Eq. sec. 142.

4.  In cases of gross misconduct, as, the employment of the funds by the trustee in his own business, and a refusal to account for the profits, compound interest may be allowed. *Schieffelin* v. *Stewart*, 1 Johns. Ch. 620; *Garniss* v. *Gardiner*, 1 Edw. Ch. 128; *Vanderheyden* v. *Vanderheyden*, 2 Paige, 287; *Latimer* v. *Hanson*, 1 Bland, 51; *Diffenderffer* v. *Winder*, 3 G. & J. 341; *Wright* v. *Wright,* 2 McCord's Ch. 185; *Hodge* v. *Hawkins*, 2 Dev. & Batt. 566; *Swindall* v. *Swindall*, 8 Ired. Eq. 286; *Greening* v. *Fox*, 12 B. Mon. 190; *Harland's Accounts*, 5 Rawle, 329 ; *Luken's Appeal*, 7 W. & S. 48; *Hough* v. *Harvey*, 71 Ill. 72; *Utica Ins. Co.* v. *Lynch,* 11 Paige, 524; *Barney* v. *Saunders*, 16 How. (U. S.) 542.

5.  An administrator has no right to hold moneys of an estate in his hands over and above what are necessary for the payment of debts.  *Curts* v. *Brooks*, 71 Ill. 126.

Mr. SAMUEL P. WHEELER, for the administrator:

Under our system it is not sufficient to charge an administrator with interest to simply show that he has mingled the funds of the estate with his own, or that he has employed such funds in the prosecution of his private business.

The line of decisions respecting the liability of guardians for interest can not be regarded as authority on the question under consideration, because the statutory provisions are entirely different. The guardian is required to put his ward's money at interest. An administrator can not do so. The statute makes the administrator liable to ten per cent interest on all moneys in his hands, after two years and six months from the grant of letters. This excludes the idea that he can be charged with any interest before that time.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding in the county court of Alexander county, to compel John B. Phillips, administrator of the estate of William H. Schofield, deceased, to account for interest on money received by him as administrator during the time the estate was being settled.

On the hearing in the county court, the administrator was charged with interest, at the rate of six per cent, on balances remaining in his hands, from the 20th day of April, 1871, until the expiration of two years and six months from the 19th day of April, 1871, the date of his appointment as administrator, and ten per cent after that date until final distribution, amounting to the sum of $868.37. On appeal to the circuit court the judgment was reduced to the sum of $390.22, the administrator being charged with interest only after the expiration of two years and six months from the date of letters of administration. This finding of the circuit court was affirmed in the Appellate Court.

It appears, from the evidence, that the administrator made three reports to the county court. The first was dated December 26, 1872. It shows the receipt of $3187.51, and the payment of $433.25, leaving a balance in the hands of the administrator of $2754.26. On the 21st day of August, 1874, a second report was made, in which the administrator charges himself with the balance on hand at the last settle-

ment, and then shows that he has paid out in the settlement of the estate, in the aggregate, the sum of $1120.67, leaving a balance in his hands of $1633.59. In this report the administrator states that all the debts have been paid, but asks that the time for final settlement be extended, to enable him to collect a demand of $1600 from the estate of the grandfather of the deceased, in New York. On the 23d day of February, 1876, a third and final report was filed, in which the administrator charges himself with the balance on hand at the time the second report was made, $1633.59. He also charges himself with $1747.10, received on July 21, 1875, from the estate of Jesse Schofield, making a total sum of $3380.69. He also claimed credit for the sum of $150, leaving a balance in his hands, to be distributed to the heirs of the deceased, of $3230.69.

It appears, from the evidence, that among the moneys received by the administrator was a draft on New York, for the sum of $2931.51, received April 22, 1871. This the administrator deposited in the City National Bank of Cairo, in his individual name. Also a draft on New York, received July 21, 1875, which he deposited in the name of J. B. Phelps & Son. The administrator kept no account in his name as administrator, and it is contended, as he mingled the trust funds with his own individual funds, he is liable for interest. The mere fact that an administrator mingles the trust funds with his own by depositing the money belonging to the estate in his own name, as he does his individual money, can not be held a sufficient ground to charge the administrator with interest. We are aware of no law which requires an administrator to keep the funds belonging to the estate separate and distinct from his own funds, and in the absence of a legal requirement no liability can be incurred. It might, perhaps, be a good practice for an administrator to keep the trust funds entirely separate from his own funds, and where he deposits in a bank, open the account in his name, as administrator; but so long as the administrator has the money

belonging to the estate at his command, ready to answer the order of the court, this is all that the law requires.

Prior to 1872, in this State, we have never had any statute requiring an administrator, in any case, to account for interest; but in the absence of a statute on the subject, under the common law an administrator, as a general rule, has been held chargeable with interest whenever he receives interest, uses the money, or retains it an unreasonable time after he ought to pay it over to claimants or account to the court. *Rowan* v. *Kirkpatrick*, 14 Ill. 1; *Whitney* v. *Peddicord*, 63 Ill. 249.

It is not within the scope of an administrator's duty, in any case, to loan the funds belonging to an estate, but the law requires him to collect all debts due the estate as speedily as possible, pay all claims allowed, and upon the expiration of the two years allowed for the presentation of claims, divide the remaining assets among the legal representatives of the deceased; but as before observed, at common law, if an administrator should receive interest, as he is but a trustee, and could not speculate with the trust funds, he has been held accountable in some cases for the payment of interest.

In 1872 the legislature passed an act in regard to the liability of administrators to pay interest, which is now sec. 113, chap. 3, Rev. Stat. 1874, p. 124. The first part of the section makes it the duty of county courts to enforce the settlement of estates within the time prescribed by law. The section then concludes as follows: "All moneys, bonds, notes and credits which any administrator or executor may have in his possession or control, as property or assets of the estate, at a period of two years and six months from the date of his letters testamentary or of administration, shall bear interest, and the executor or administrator shall be charged interest thereon from said period at the rate of ten per cent, or after two years and six months from any subsequent time that he may have discovered and received the same, unless good cause is shown to the court why such should not be taxed."

Prior to the passage of this act we had no statute on the subject, and the common law rule applicable to trustees prevailed; but since this act has become the law of the State, we must look to it, and to it alone, as the law which creates the liability of an administrator or executor to pay interest, if any exists. This section of the act, it is true, does not in express terms declare that an administrator or executor shall not be liable for interest before the expiration of two years and six months from the date letters were granted, but when it is considered in connection with section 111 and section 112, it is manifest that such is its proper construction.

Section 111, as will be observed, requires executors and administrators to exhibit accounts of their administration for settlement to the county court at the first term after the expiration of one year from the date of their letters, and in like manner every twelve months thereafter, or sooner if required, until the duties of their administration are fully completed.

Section 112 requires the court, upon every such settlement, to ascertain the whole amount of moneys and assets belonging to the estate which have come into the hands of the executor or administrator, and the whole amount of debts established against the estate; and if there is not sufficient to pay the whole of the debts, the moneys on hand shall be apportioned among the several creditors *pro rata,* and the court shall order the administrator or executor to pay the claims which have been allowed, according to such apportionment.

Under the operation of these two sections, if the county court discharges its duty and compels an annual accounting, as it should do, the administrator would not retain in his hands any great amount of money, and hence the question of payment of interest would not arise. It was, no doubt, intended by the enactment of sections 111 and 112, that the administrator or executor would, during the two years after the grant of letters, pay out the funds belonging to the estate about as fast as they were collected, and hence no provision

was made requiring, in any case, the payment of interest until the expiration of two years and six months after the grant of letters. If, however, after that time, the administrator or executor retained money in his hands, it is right that he should account for interest, for the reason that by a proper discharge of his duty the estate might be settled before that time, and the moneys paid over.

We are, therefore, of opinion that the legislature, in framing the section of the statute *supra*, intended that the statute so enacted should embrace all cases in which an administrator or executor should be chargeable with interest, and in no case should they be held liable for interest until after the expiration of two years and six months from the grant of letters, unless they had received interest on the trust funds before that time. If such was not the intention, doubtless the legislature, while it was legislating on the subject, would have otherwise provided. If it had been intended to hold an administrator or executor liable for interest in any case before the expiration of two years and six months from the date of letters, surely, while legislation was being had on the subject, a provision of that character would have been inserted in the act.

The administrator has assigned a cross-error that the amount with which he was charged in the circuit court is too much. The argument is, that he should be charged only with interest on $1633.59, after he received the money from New York. The circuit court charged the administrator with interest, at ten per cent, on all moneys that he retained in his hands after the expiration of two years and six months from the date of his letters, and in our judgment this was correct. At the time the second account was rendered, no debts remained unpaid, and no reason appears why the administrator did not procure an order of distribution, under which he could pay out the money then in his hands. After making the second report, no reason existed for retaining the assets of the estate in his hands, and as

he did so in disregard of his plain duty, we think the court did right in charging him with interest, as required by the statute.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*