### Edward Cox and Minnie B. Cox, Guardian of Howard and Sherman Cox, Minors, etc., v. Henry M. Cox, Executor of Jesse Cox, Deceased.

1. INTEREST—*Upon Legacies.*—An executor of a will who fails to make annual reports to the court, and thus bring to notice the fact that legacies due by the terms of the will are unpaid, will be liable to be charged with ten per cent interest on such legacies after the period of two and a half years has expired, under section 114 of chapter 3, R. S., entitled "Administration of Estates."

Memorandum.—Administration of estates. Final report of executor. Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON

Orr, Judge, presiding.   Heard in this court at the November term, 1892.
Reversed and remanded.   Opinion filed December 4, 1893.

The opinion states the case.

*Fourth clause of the will :*
4th.   After my just debts and funeral expenses shall be paid, then the
residue of my estate shall be equally divided, share and share alike,
between my said children, to-wit:   Samuel Cox, Caleb B. Cox, Henry
M. Cox, Rebecca Bogue, Mary Farr, or their surviving heirs.
*Second clause of the codicil :*
2d.   I further order and bequeath that the said promissory note men-
tioned in item 2d of my said last will, and by me bequeathed therein to
my said son, Caleb B. Cox, since deceased, if the same shall remain un-
paid at my death, then the said note and the proceeds thereof shall go
to the heirs at law of my said son, Caleb B. Cox, deceased, then living,
share and share alike, and to be paid to them by my said executors,
when and as fast as the said heirs respectively shall arrive at the age of
majority.

W. S. Edwards, attorney for appellants.

Gray & Waggoner, attorneys for appellee.

Per Curiam.

The appellee filed his report as executor of Jesse Cox, de-
ceased, in the County Court.

From the order of that court entered thereon, an appeal
was prosecuted by the present appellants to the Circuit
Court, and they being dissatisfied with the order of the Cir-
cuit Court have, by their further appeal, brought the record
to this court.   The important question is whether the order
which settles the basis upon which the executor must account
to the legatees, is properly made in respect to the matter of
interest upon the legacies.

The funds in question were derived under the will of Jesse
Cox, who was the grandfather of said Edward Howard and
Sherman Cox.   A portion was the proceeds of a promissory
note, specifically given to said Edward, Howard and Sher-
man and the other heirs of Caleb Cox, who was a son of
said Jesse, by virtue of the codicil which provided that their
several shares of said proceeds should " be paid to them (the
said heirs) by my executors, when, and as fast, as the said
heirs respectively shall arrive at the age of majority."

Another, and a smaller portion, was their share of the residuum of the estate, under the fourth clause of the will. More than two years and six months elapsed after the date of the letters testamentary before the presentation of the report, and it is contended, on behalf of appellants, that the executor should, under the provision of section 114, Ch. 3, R. S., be charged with ten per cent interest, after said period of two years and a half. It is urged in opposition that all parties supposed that by the will the money belonging to these heirs must be retained by the executor until they respectively came of age, and that this was " good cause " for not charging the executor with interest beyond what he actually received. As to the portion given by the codicil, this position is not objectionable in view of all the circumstances, but as to the portion derived under the fourth clause of the will we see no reason for relieving the executor from the operation of said section 114. Had he made his report annually and settled at the end of two years, he could have paid this portion to the guardian, who might have invested the same under the direction of the court.

With regard to the portion given by the codicil, it is to be observed that, had the executor made settlement as required by law, it would have been shown that he had a fund which could not be paid to the beneficiaries until they attained their majority, and which, under the codicil, he was required to hold accordingly. The legislature in enacting section 114, had no such case as this in view. What would have been a proper order for the County Court to make upon such a case being presented, need not now be considered. The executor was at fault, it may be conceded, in not bringing the fact to the notice of the court, which the guardian might, by citation, have compelled him to do. Without express authority from the County Court, certainly the executor would not be required to loan the money, and would be accountable only for whatever he did actually receive as interest. *Re est* Schofield, 99 Ill. 513. We understand from the record that the Circuit Court charged him with what he so received, but did not charge him with ten per cent on any

of the money, after the expiration of two years and a half. We think he should have been so charged on the portion derived under the fourth clause of the will. For the error in this respect the judgment will be reversed and the cause remanded.