In re Estate of Anna Gunderson, Deceased.
Selmer G. Olsen et al., Defendants in Error, v. Nels P. Peterson, Individually and as Executor of the Last Will and Testament of Anna Gunderson, Deceased, Plaintiff in Error.

Gen. No. 37,305.

Opinion filed February 13, 1935.

OSCAR M. LUMBY, of Chicago, for plaintiff in error.

HARMON & GEORGE, of Chicago, for defendants in error; ROY M. HARMON, of counsel.

MR. JUSTICE HALL delivered the opinion of the court.

On February 10, 1920, Nels P. Peterson was appointed executor without bond of the last will and testament of Anna Gunderson, deceased. Subsequently, on September 27, 1930, without any order from the probate court, he deposited with the Builders and Merchants Bank and Trust Company the sum of $7,315, and on February 7, 1931, the sum of $21,367, both deposits being funds belonging to the estate of which he was and is such executor. For the first deposit Peterson received a certificate from the bank, which provided that the funds were payable to him by the bank in three months after its date, with interest until paid. For the second deposit he received a certificate reciting that the funds should be payable to him on demand, without interest. The certificates were both issued to him as an individual, and not as executor of the estate, although he testified that when he made the deposits he notified the cashier of the bank that they were trust funds. The total of these deposits amounted to $28,682. About April 11, 1931, the bank was closed by the auditor of public accounts, and a receiver appointed. By the order of the circuit court entered in this cause, we are informed that since the bank closed, the executor has collected from the receiver on account of these deposits the sum of $8,405.20, which has been paid to the legatees under the will. The balance remaining unpaid by the bank amounts to $20,275.80. The executor filed in the probate court of Cook county a final account of receipts and distributions, and among other things set forth the facts regarding these deposits and prayed that he might be credited with the amount remaining unpaid by the bank. To this account objections were filed by certain of the legatees under the will of Anna Gunderson. It is the claim of these objectors that inasmuch as this executor made these deposits without the order of the probate court, that the

deposits were made by him as an individual and not as executor of the estate of Anna Gunderson, and that the certificates of deposit were issued to him as an individual, he is personally liable, and the prayer of these petitioners and objectors is that he be ordered to account to these legatees for the amounts of these deposits. The objections were overruled by the probate court. On appeal to the circuit court, that court, after a hearing, ordered that the amount of the deposits, less the sum of $8,405.20, paid to the executor by the receiver and distributed by him, as hereinbefore set forth, be accounted for and paid by the executor to the estate of Anna Gunderson, and that Peterson, the executor, pay the costs of the appeal from the probate court to the circuit court. It is this order that the executor, by the writ of error herein, seeks to have reviewed.

It is the claim of the executor that when a deposit of funds belonging to an estate is made by an executor in a bank and in conformity with the universal usage, and with care in the selection of such depositary, and the bank becomes insolvent so that the funds are lost, such executor does not thereby become personally liable to account therefor. This is true as far as it goes, but there is another rule in addition to the one stated, which seems to be decisive of this case. This rule is that when an administrator or executor deposits trust funds held by him in his own name and to his individual account, and the funds are lost, such administrator or executor becomes and is personally liable to account to the estate therefor.

In *Webster & Baxter v. Pierce & Barber,* 35 Ill. 158, the Supreme Court said:

"An agent has no right to mix the funds of his principal with his own, and then hold his principal liable. . . . If he seeks to make his principal liable for losses on bank failures, or other losses on moneys of his prin-

cipal, the agent must keep the moneys of his principal separate and distinct from his own.''

In *Harward v. Robinson,* 14 Ill. App. 560, an administrator, without an order from the court, deposited funds of the estate with a bank. He did not mingle the deposits with his own funds, but mingled them with other trust funds also in his custody. A portion of the funds was lost by the failure of the bank. The court in that case held that the administrator was liable to account to the estate for the funds lost, and said:

''Where an administrator deposits, in his own individual name, funds of the estate in a bank which fails while holding such deposit, the loss is his own and not that of the estate; and this though he had no other funds in such bank, and informed its officers at the time of making the deposit that the funds were held by him in trust. . . . The test is the loss of the identity of the trust fund, the placing it in such condition as that it has no ear-marks, the having it in such shape as that it has impressed upon it no sign or indication of the specific trust to which it belongs.''

See also 1 Perry on Trusts (7th Ed.) par. 443, 24 C. J. page 50, and 3 Schouler on Wills (12th Ed.) par. 2271, page 2133.

We are of the opinion that in view of the fact that these deposits were made by the executor in his individual name, and not as trustee, that he is liable to account to the estate for them. The judgment of the circuit court is affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.