## THE ESTATE OF W. C. GOUDY

*v.*

## THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed April 21, 1898.*

1. SPECIAL ASSESSMENTS—*collector's warrant need not recite copy of judgment.* Sections 35 and 36 of article 9 of the City and Village act (Rev. Stat. 1874, p. 237,) do not require that the collector's warrant shall recite the confirmation judgment, it being sufficient if the clerk certifies a copy of the assessment roll and confirmation judgment to the collector, with an order directing him to collect the assessment, as all the papers, taken together, constitute the warrant. (*Doremus* v. *People, ante,* p. 63, followed.)

2. WAIVER—*party cannot raise objections on appeal other than those made below.* One who appears and files objections to the collector's application for judgment of sale for delinquent taxes waives all objections other than those so raised.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

IRA J. GEER, for appellant.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

This is an appeal from a final order of the county court of Cook county overruling objections to an application of appellee for judgment for a delinquent installment of a special assessment against the property of appellant. In February, 1893, on the petition of the city of Chicago, an assessment for a system of sewers on St. Lawrence avenue and other streets was confirmed, and at the July term, 1897, an application for judgment and order of sale was made for the last installment of the assessment. Objections were filed to the application for judgment, which the county court overruled and entered judgment, from which this appeal is prosecuted.

It is first insisted by appellant that the warrant issued by the county clerk to the city collector as his authority for collecting the assessment is void, because of its failure to comply with paragraphs 149 and 150 of chapter 24 of the Revised Statutes. This question is involved in the case of *Doremus* v. *People*, (*ante*, p. 63,) and has been determined adversely to the contention of appellant.

Again, it is said the certificate of the clerk as to the ruling and judgment is not contained in the warrant, but follows it, which distinguishes this case from other cases, and renders the warrant invalid. In this case, all the

papers attached to the warrant given with it make up and constitute the warrant of the collector.  As made up in this case the warrant is composed of a copy of the assessment roll, a copy of the judgment of confirmation, an order directing the city collector to collect the assessment, and the certificate of the county clerk showing that the foregoing is a true and correct copy of the assessment roll and of the judgment.  These papers combined constitute the warrant.  As was said in *Doremus* v. *People, supra:* "Moreover, when the clerk of the court in which the judgment was rendered made out and certified the assessment roll and judgment, and attached to these papers a warrant, as was done here, we are inclined to hold that the warrant contained the assessment roll and judgment, within the meaning of the statute.  In other words, the assessment roll and judgment, with warrant attached, constitute the warrant.  The statute nowhere requires that the assessment roll and judgment which are to be certified shall be placed in any particular part of the warrant.  It is only necessary that they should be connected with the warrant as a part thereof."  The objection to the deficiency of the warrant is not well taken.

From the objections it does not appear that any question was presented or raised before the county court as to the correct amount of assessment, nor that the application was premature.  When the appellant appeared before the county court when the county collector made application for judgment against appellant's property and appellant there filed his several objections thereto, no objection was presented that the application was premature or that the warrant was void for uncertainty and irregularity in the application and warrant, and it must be held that, not having then presented such objection, it must be considered as waived.

Finding no error in this record the judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*