## GAY DORN

*v.*

## MARVIN A. FARR, Trustee, *et al.*

*Opinion filed April 17, 1899.*

1. VARIANCE—*alleged variance must be particularly pointed out below.* An alleged variance in foreclosure between an allegation that the note secured bore interest payable semi-annually and proof of a note bearing interest payable annually cannot be considered on appeal, where the specific objection was not made before the master or the chancellor and the note is not copied into the record.

2. PRACTICE—*party cannot conceal objections to use on appeal in case of defeat.* A party who fails to discover and present an objection in the trial court cannot complain, on appeal, that the court did not find and sustain it, nor will he be permitted to conceal an objection from the trial court and the opposite party and make use thereof on appeal, in case of defeat.

*Dorn* v. *Farr*, 79 Ill. App. 226, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

CHARLES PICKLER, for appellant.

PADDOCK, WRIGHT & BILLINGS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A decree of foreclosure was entered in the circuit court of Cook county in favor of appellees, against appellant, and it was affirmed on appeal by the Appellate Court for the First District.

The only ground upon which a reversal is asked is that the note alleged in the bill to have been secured by the trust deed foreclosed was described as bearing interest at seven per cent, payable semi-annually, while the note introduced in evidence bore interest at seven per cent,

payable annually, and it is therefore claimed that the proof did not conform to the allegations of the bill. The cause was heard upon exceptions to the master's report, and the alleged error is not apparent from the record nor was the question of variance presented to the chancellor in any manner by the exceptions. The master's report shows the offering in evidence of a note, and its admission over a general objection of appellant which did not point out or even suggest any variance. The note was not copied into the record, and we cannot determine the question whether it varied in its terms from the one described in the bill. The objections to the report, which were renewed as exceptions on the hearing, were of the most general character, and amounted merely to statements that the material allegations of the bill had not been proven and that the master's report should have been in favor of appellant. They did not bring to the attention of the chancellor the objection now urged or call for a ruling upon the question of variance. So far as appears from the record appellant was not aware of the objection, and if he subsequently discovered it he certainly could not be permitted to have a reversal for a reason that never occurred to him at the hearing and was not presented to the chancellor. If he could not discover the objection and present it to the court he cannot complain that the court did not find and sustain it. On the other hand, if a party is aware of an objection he can not be permitted to conceal it from the court and opposite party for the purpose of an appeal in case of defeat. The objections and exceptions neither called for a ruling from the court on the question now argued nor gave to appellees any clew to its existence.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*