EVERETT A. THORNTON

*v.*

THE COMMONWEALTH LOAN AND BUILDING ASSOCIATION.

*Opinion filed October 19, 1899.*

1. MORTGAGES—*stipulated solicitor's fee may be allowed in absence of evidence of unreasonableness.* A solicitor's fee of ten per cent provided for in a bond and mortgage in case of foreclosure is properly allowed where there is no evidence that it is unreasonable.

2. APPEALS AND ERRORS—*when exception is too general to raise point of variance.* An exception made to the master's report in a foreclosure suit that the evidence is insufficient to justify finding that any sums are due for taxes and insurance, is too general to raise the point that there is a variance between the pleadings and the proof in respect to those items.

*Thornton* v. *Commonwealth Loan Ass.* 79 Ill. App. 657, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

This is a proceeding to foreclose a mortgage, executed by William C. Miller and wife, and James Borroughs and wife, to the appellee to secure a loan of $2500.00, as evidenced by a bond in the penal sum of $5000.00 executed by them. Subsequently, Miller and wife and Borroughs and wife conveyed the premises to the appellant, Thornton, subject to the mortgage.

Default was entered against all the defendants, except Thornton, who filed an answer, to which the appellee filed a replication. The cause was referred to a master in chancery to take testimony and report. The master took testimony on behalf of appellee, but none was introduced by appellant. Objections were filed to the master's report, and overruled by him. By stipulation between the parties, the objections, taken by the appellant to the master's report, were allowed to stand as exceptions to the report in the circuit court.

The exceptions to the master's report were overruled by the court, and a decree of foreclosure and sale was entered for the amount, found by the master to be due to the appellee. An appeal was taken from this decree to the Appellate Court, and the decree was there affirmed. The present appeal is prosecuted from the judgment of affirmance, so entered by the Appellate Court.

CHARLES PICKLER, for appellant.

M. L. RAFTREE, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Counsel for appellant, in his brief in this court, makes two points only in favor of a reversal of the decree entered by the court below.

In the first place, it is urged, as error, that the circuit court allowed a solicitor's fee of ten per cent upon the amount of indebtedness found to be due to the appellee. We are of the opinion that there was no error in allowing the solicitor's fee thus complained of. (*Telford* v. *Garrels*, 132 Ill. 550; *Clawson* v. *Munson*, 55 id. 394). The bond, secured by the mortgage, contains the following provision: "In case legal proceedings of any kind are instituted to recover on this bond, or to foreclose the mortgage securing this bond, an attorney's fee of ten per cent shall be added thereto, and shall become due at the time legal proceedings are instituted on said bond and mortgage." The mortgage provides that, in case it is foreclosed, a solicitor's fee may be taxed and recovered, as provided in the bond. There might be circumstances, under which a fee of ten per cent on the amount due in a foreclosure suit would be unreasonable, even though agreed to by the mortgagor in the mortgage, but we discover no evidence of such unreasonableness here. In *McIntire* v. *Yates*, 104 Ill. 491, the mortgage contained a

provision that, in case of foreclosure, two per cent on the amount found due on the mortgage indebtedness, should be allowed and included in the decree as a solicitor's fee; and, there, the allowance of the two per cent as a solicitor's fee was held to be proper, and to be properly included in the decree of foreclosure.

In the second place, counsel for appellant complains, that the master allowed plaintiff $95.32 for taxes and insurance, and that this amount was included in the decree. The matter was presented to the circuit court in the form of an exception to the master's report. That exception was as follows: "For that the said master has found that there is now due complainant on account of said loan, * * * insurance paid August 21, 1896, $7.50; taxes paid August 26, 1896, $17.54; insurance paid May 25, 1897, $15.00; taxes paid May 25, 1897, $55.28; * * * whereas he should and ought to have found that the evidence was insufficient to justify a finding that any such sums of money were or are due to complainant, and should have disallowed the same." The objection now made is, that the bill contained no allegation as to any amount being due for insurance and taxes; and that, therefore, the *allegata* and *probata* did not correspond. It is undoubtedly a well settled rule of equity pleading, that the allegations of the bill, the proof, and the decree must correspond. A decree should not grant relief, warranted by the facts which the evidence discloses, where there are no averments, to which the evidence can apply. (*Dorn* v. *Geuder*, 171 Ill. 362). But it is also a well settled rule, that the exceptions to a master's report should point out the grounds of objection thereto with reasonable certainty, and that such exceptions should not be so general in their character, as to give no indication of the particular points sought to be included in them, but should be specific and in the nature of special demurrers. (*Springer* v. *Kroeschell*, 161 Ill. 358). The rule, that the exceptions to a master's report must be specific and not

general, does not conflict with the other rule, that, in chancery, it is not necessary to take exceptions to the various decisions of the court made in the progress of the cause. (*Chicago Artesian Well Co.* v. *Connecticut Mutual Life Ins. Co.* 57 Ill. 424). The objection here made is substantially, that there is a variance between the allegations of the bill and the proof. Where a variance is complained of, and an objection is based upon that ground, defendant should point out specifically in what the alleged variance consists. (*Lake Shore and Michigan Southern Railway Co.* v. *Ward,* 135 Ill. 511; *Probst Construction Co.* v. *Foley,* 166 id. 31; *Mayer* v. *Brensinger,* 180 id. 110).

Applying the rule, thus referred to, to the exception made by the appellant to the master's report, it will at once be perceived that such exception is too general to embrace the point now made. By the exception appellant complained, that the evidence was insufficient to justify the finding by the master, that any sums of money were due to the appellee for taxes and insurance. We have examined the evidence taken by the master, and it shows that the amounts allowed for taxes and insurance were actually paid by the appellee and were due to it. Appellant did not state in his exception, that the amounts in question should not have been allowed, because they were not alleged in the bill to be due. In other words, the exception did not proceed upon the ground that the evidence, sustaining the allowance for taxes and insurance, was not applicable to the averments made by the bill. This was a specific ground of objection, which should have been made by the appellant as an exception to the master's report. It is too late to make it now. If it had been made at the proper time, the bill may have been amended, if amendment was necessary. We are, therefore, of the opinion, that the court below committed no error in overruling the exception to the report.

The decree of the circuit court is affirmed.

*Decree affirmed.*