Sampson v. Neely.

---

## Oscar H. Sampson et al. v. John C. Neely, Trustee, et al.

1. FORECLOSURE—*Indebtedness Represented by Notes Other Than the One Secured by Trust Deed.*—The fact that the indebtedness represented by a note to secure which a trust deed is given, was at the time of the making of such note represented by other notes of the maker, is no

reason for refusing to enter a decree of foreclosure upon the actual indebtedness represented by a note for which the trust deed was given as security.

2. INTEREST—*Not Allowed on Money Deposited with Surety as Security for His Liability Under the Appeal Bond He Has Signed.*— Interest should not be required of a surety upon money deposited with him as security for his liability under an appeal bond he has signed where the money so received from him was deposited from time to time and he, at no period, had any assurance that he might not be called upon by a termination of the litigation, either by settlement or judgment, to pay over the money in his hands at any day.

3. SOLICITOR'S FEES—*When Objection to, Comes Too Late.*—Where no objection was made in the court below to the allowance of solicitor's fees, such objection comes too late in the assignment of error made in this court.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed February 13, 1903.

In the year 1896, Carrie A. Spencer was indebted to the Merchants' National Bank in the sum of $30,000. October 1, 1896, as collateral security for the payment of this indebtedness and of all future indebtedness, she executed to the bank two promissory notes; one of these notes was for $20,000 and was secured by a trust deed to John C. Neely on lots twenty-seven, twenty-eight and twenty-nine, in block four, in William J. Goudy's subdivision in the city of Chicago. Upon lots twenty-eight and twenty-nine there was at this time a factory building in which her business was carried on until the spring of 1897, when she ceased doing business and leased the factory property to a Mr. Kelly.

Carrie A. Spencer, February 18, 1897, made a conveyance of lots twenty-eight and twenty-nine to Myron H. Powell, which conveyance is said to have been made to hinder, delay and defraud her creditors. Lot twenty-seven, before mentioned, was not conveyed by her. Her title to this was incumbered by a trust deed for $800, the payment of which he had assumed. This trust deed and the indebtedness thereby secured had, before the beginning of this suit, been acquired by Chauncey J. Blair, president of the Mer-

chants' National Bank. Prior to September 15th of the year 1896, Carrie A. Spencer became indebted to O. H. Sampson & Co., appellant, in the sum of about $20,000. In 1897 suit was brought upon this indebtedness and April 8, 1900, Sampson & Company recovered judgment against her for $20,076.84. Execution was issued on this judgment and returned *nulla bona.* The judgment is yet unsatisfied. In 1898 and 1899 a suit brought ly Henry W. T. Malin et al. against Carrie A. Spencer was pending, and a decree therein was rendered against her. At her request Mr. Blair became surety for her in an appeal taken from such decree, he being secured for so doing by a deposit of the rents accruing under a lease of the factory to Kelly and an agreement that certain other moneys should be turned over to him; it being agreed that any surplus remaining after the payment to him of such amount as he might be obliged to pay on account of his becoming such surety, should be turned over to the Merchants' National Bank and credited upon the indebtedness of Carrie Spencer to said bank. The money received by Mr. Blair remaining in his hands at the time of the entry of the decree in this case amounted to $7,295.40, no interest being allowed by him on the money he had from time to time received. Of this amount $1,266.20 was received by Mr. Blair after the filing of the bill herein.

July 5, 1900, the bill in this case was filed by John C. Neely, trustee, and the Merchants' National Bank, for the foreclosure of the aforementioned trust deed of $20,000, conveying said lots twenty-eight and twenty-nine, upon which was the factory building leased, as before said, to Kelly. By amendment to the bill there was set up the beforementioned deposit of moneys with Blair and a prayer that his liabilities under the bond and said deposit might be settled and any balance in his hands paid over to the bank to be applied on the indebtedness of Carrie Spencer, to the bank. Mr. Blair, by cross-bill, also asked for a foreclosure under the trust deed of lot twenty-seven, securing $800. Appellants, Sampson & Co., filed a cross-bill setting up that the

deed of Carrie Spencer to Myron H. Powell was fraudulent and void and made to hinder and delay her creditors; and also set up that the Merchants' National Bank was not the legal holder of the note and trust deed for $20,000 which it was proceeding to foreclose; appellants also asked that the lien of the judgment recovered by Sampson & Company should be declared to be a first lien upon the property.

The case having been referred to a master he found that the conveyance by Carrie A. Spencer was fraudulent and void as alleged, but that the trust deed held by the Merchants' National Bank for the foreclosure of which the original bill was brought was a lien superior to that of the judgment obtained by Sampson & Company. The decree of the court was substantially in accordance with the findings of the master. By the decree also, the trust deed for $800 acquired by Blair as aforesaid was declared to be a first lien upon lot 27, and the judgment of Sampson & Company was held to be subject to the lien of said trust deed for $20,000 and also of said trust deed for $800. The court also found that the liability of Mr. Blair as surety was extinguished, and that the moneys remaining in his hands received by him as surety, should be applied on the amount found to be due to the Merchants' National Bank.

JOHN A. HENRY and NEWMAN, NORTHRUP & LEVINSON, attorneys for appellants; ARTHUR B. SCHAFFNER, of counsel.

OTIS & GRAVES, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The principal contention of appellants is that the note and trust deed for $20,000, given by Carrie Spencer to the First National Bank, was collateral to her indebtedness to the bank for which it already held her notes; that Carrie A. Spencer by giving the note which the trust deed for $20,000 was made to secure, incurred no new indebtedness and such note was without consideration; therefore the trust deed purporting to be to secure said $20,000 note was made to

secure a note which had no consideration; and therefore the trust deed is of no effect as against subsequent judgment creditors of Carrie Spencer.

Appellants insist that the Supreme Court of this State in the case of Walker v. Carleton, 97 Ill. 582, distinctly held in accordance with the claim now made by appellants. We do not regard the case cited as sustaining appellants' contention. In that case it appeared that Carleton did agree to loan to Walker $5,000, the loan to be secured by Walker's note and a trust deed upon certain real property. Walker made his note for $5,000, and a trust deed securing the same in accordance with the agreement. Thereafter Carleton advanced to Walker on account of the loan $3,000, taking at the time Walker's note for $3,060, due in thirty days. After this had been done, Carleton refused to carry out the agreement for a loan of $5,000; and after the note for $5,000 became, by its terms, due, the trustee named in the trust deed, under a publication notice by him given, sold the property conveyed by the trust deed for the purpose of satisfying the note for $3,060. Carleton, at the sale, purchased the property conveyed by the trust deed, and a deed of the same was, under the sale, made by the trustee to Carleton. Thereafter Walker filed his bill to redeem from such sale, offering to pay the money actually obtained by him, together with interest thereon. The Supreme Court held that he was entitled to so redeem. In that case it appeared that Carleton had endeavored to enforce and caused sale to be made under the terms of a trust deed made under an agreement which he, Carleton, had failed to carry out. The sale was not made in pursuance of any decree of court nor had the equitable or legal rights of the parties been passed upon by any court prior to the trustee's sale. It is quite true, as is said in that case, that if a person owing the sum of $5,000, has given his note therefor, the giving of a new note for the same sum does not add to his indebtedness. It was not claimed in the present case by appellees that the giving of the note dated January 27, 1898, by Carrie A. Spencer for $20,000 added to her indebtedness. Nor

that her indebtedness was by the execution of notes, October 1, 1896, increased or added to. Nevertheless it was entirely legitimate and equitable for her to make a note to the bank representing indebtedness then actually existing from her to the bank and to secure the same by a trust deed of her property. Such trust deed became a valid lien and claim upon her property for the actual indebtedness it represented. The fact that the indebtedness represented by a note to secure which a trust deed is given, was at the time of the making of such note represented by other notes of the note maker, is no reason for refusing to enter a decree of foreclosure upon the actual indebtedness represented by a note for which the trust deed was given as security. Stanley v. The Chicago Trust & Savings Bank, 165 Ill. 295.

We do not think the court erred in not requiring Mr. Blair to pay interest upon the money deposited with him as security for his liability under the appeal bond he had signed. The moneys were so deposited with him under the agreement made between him and Carrie Spencer by which he became surety for her. The money so received from him was deposited from time to time and he, at no period, had any assurance that he might not be called upon by a termination of the litigation, either by settlement or judgment, to pay over the money in his hands at any day. Under the circumstances there was no warrant for charging him with interest on the money he so held. Estate of Schofield, 99 Ill. 513; Perry on Trusts, Sec. 468.

Appellants urge that it was error to allow the Merchants' National Bank $1,500 on account of solicitor's fees. The evidence in the case was that from $1,500 to $2,000 was a reasonable fee for the work necessarily performed by solicitors in this case. There was no testimony to the contrary, and so far as appears from the record, no objection was made in the court below to the allowance of such fee. The allowance of such fee seems to have been first objected to by the eighth assignment of error made in this court. We regard the objection as coming too late. Wheatley v. Savings Bank, 167 Ill. 480; Shaffner v. Appleman, 170 Ill.

281; C. & A. R. Co. v. Clausen, 173 Ill. 107; Dorn v. Farr, 179 Ill. 110; Dorn v. Bissell, 180 Ill. 73.

Finding no error requiring a reversal of the decree of the Circuit Court it is affirmed.