## Myron H. Powell v. Oscar H. Sampson et al.

1. CROSS-BILL—*Whether Germane to the Original Bill.*—In a pro-
ceeding to foreclose a trust deed, a cross-bill by some of several defend-
ants is germane to the original bill, although it puts in issue matters in
which only they and the complainant are interested.

**Bill to Foreclose a Trust Deed.**—Error to the Circuit Court of
Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard
in the Branch Appellate Court at the March term, 1902. Affirmed.
Opinion filed March 17, 1903. ·

J. B. MANN and C. H. REMY, attorneys for plaintiff in
error.

NEWMAN, NORTHRUP & LEVINSON and JOHN A. HENRY,
attorneys for defendants in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The facts in this case are sufficiently stated in Sampson
v. Neely, 106 Ill. App. 129, to which reference may be had.
The defendants in error filed a cross-bill in that case set-
ting up that a deed made by one Carrie A. Spencer to
plaintiff in error conveying certain real estate was made to
hinder and delay her creditors and was fraudulent and
void. The master found the said conveyance to be thus
fraudulent and void, and the Circuit Court, after overrul-
ing exceptions to the master's report, entered a decree ac-
cordingly. Said decree further finds that a judgment for
$20,076.84 in favor of defendants in error against said
Carrie A. Spencer is a valid lien on said property, subject
only to the lien of a trust deed made by said Spencer to
John C. Neely as trustee, to secure an indebtedness to the
Merchants' National Bank. It is now sought to reverse
that decree.

The business relations of said Carrie A. Spencer were
considered in the case of Spencer v. Mali, 87 Ill. App. 680,
in which it was claimed by said Spencer that she was the
owner of the property in controversy. Her answer in the

Powell v. Sampson.

last mentioned case in which she states that the title to said property " stands in her name because she is the true and lawful owner thereof," was filed February 28,1898, whereas the deed from her to plaintiffs in error by virtue of which he now claims title to said property, was executed February 18, 1897, over a year before. It was not, however, recorded until March 26, 1898. By the final judgment in that case she was found to be the owner of said property. (Mali v. Spencer, 186 Ill. 363.) It appears also that after the conveyance to plaintiff in error, the said Spencer leased the said property for a period of ten years with an option to the lessee to purchase for $40,000. We need not review the evidence in detail. It must suffice to say that in our judgment it fully warranted the finding of the master and decree of the court.

It is urged that the cross-bill filed by defendants in error is not germane to the original bill, which was filed to foreclose a mortgage or deed of trust executed by said Spencer to secure her debt to the bank. It is conceded that both the parties to the controversy under consideration were necessary parties to that bill, but it is said this did not give the defendants in error the right by a cross-bill to litigate matters in which only they and plaintiff in error were interested. We do not regard this objection as well taken. Defendants in error are judgment creditors of Carrie A. Spencer, and as such were made parties to the bill to foreclose the trust deed made by her on the property in controversy. It appears that she had given a formal conveyance of that property to plaintiff in error, but that in fact she was still the owner of the premises or of the equity therein. This equity the master finds to be worth at least $7,000. It is said in Dawson v. Vickery, 150 Ill. 398–403 : " The object of this cross-bill was to have determined who had the equity of redemption in the mortgaged premises described in the original bill. It may be true that the complainants in the original bill had no interest in that question, but it does not follow that the cross-bill was not germane to the original bill." If, however, the objection

had been well taken, it can not avail plaintiff in error here, when raised for the first time in a court of review. Chicago Theo. Sem. v. Gage, 103 Ill. 175–182.

Finding no error in the decree of the Circuit Court, it is affirmed.