MATHIAS MANN

*v.*

OTTO BERGMANN.

*Opinion filed June 16, 1903.*

</div>

1. ESTOPPEL—*when owner is estopped to re-plat land.* If a grantor, upon selling land, exhibits a plat to his grantee showing the land to be subdivided as described in the deed and represents that such plat will be recorded, he is estopped to subsequently re-plat the land and deprive the grantor of the use of the streets shown upon the plat exhibited to him.

2. EVIDENCE—*admissibility of parol evidence to identify premises.* If a deed to vacant property refers to a plat and describes the property as being bounded on two sides by a sixteen-foot alley and on another by a certain street, parol evidence is admissible to identify the plat referred to and to show the purchase was made with reference thereto.

3. DEDICATION—*dedication of street is not within Statute of Frauds.* Dedication of a street may be evidenced by acts and declarations without writing, and is not within the Statute of Frauds.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

This was a bill in chancery, filed in the superior court of Cook county by the appellee, against the appellant, for an injunction. The bill alleged that the appellant was the owner of a tract of land located in said county; that the appellee purchased a part thereof, which was described in the deed to him therefor, as follows: Commencing at a point one hundred and ninety-two feet west of the south-west corner of North Clark street and Pratt avenue; thence south one hundred and twenty-five feet to a sixteen-foot alley; thence east along the north line of said alley seventy-seven feet to a sixteen-foot alley; thence on the west line of said alley, in a north-westerly direction, to a point in the south line of Pratt avenue which is fifty-one feet east of the point of beginning, and thence west on the south line of Pratt avenue fifty-one feet to the place of beginning, situated in the north one-third of the north-east quarter of the south-east quarter of section 31, township 41, range 14, Cook county, Illinois; that at the time of the purchase the appellant exhibited to the appellee a proposed plat of said tract; that he purchased said described premises from the appellant with reference to said plat, which showed said premises to be bounded upon the north by Pratt avenue, on the east and south by a sixteen-foot alley and upon the west by Meadow Lane, which street, at the time of the purchase, was pointed out by appellant to appellee

upon said plat; that appellant, at the time appellee purchased said premises, had not recorded said plat, but represented to appellee that the same would soon be filed for record; that appellant afterwards declined to record said plat and proposed to make and record a different plat of said tract, running the streets east and west instead of north and south, which would deprive appellee's property of the advantage of the street designated as Meadow Lane on said plat. An answer and replication were filed, and the case was referred to a master to take proofs and report his conclusions. The master reported in favor of appellee, and a decree was entered restraining appellant from re-platting said premises in such manner as to deprive appellee's property of the advantages of said proposed street of Meadow Lane, and the appellant has prosecuted this appeal.

WHITFIELD & WHITFIELD, for appellant.

WILLIAM C. RIGBY, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

There is no controversy as to the facts in this case, and the only question presented for decision is whether or not the appellant is estopped, by reason of his having exhibited a plat to the appellee, at the time of the purchase of said premises, upon which was designated said street of Meadow Lane, and by reason of the representation made by him to appellee that said plat would be filed for record and said street established upon the west side and contiguous to the property of appellee, from re-platting said premises in such manner as to deprive the property of appellee of the advantage of said street. We are of the opinion he is. At the time appellee purchased said premises it was agreed that until the plat was filed for record the appellant should pay the taxes

upon the entire tract and appellee should pay his proportion thereof to appellant, and the appellant gave to appellee a receipt for his share of the taxes of 1899, in which he designated the property as lot 16, in block 3, in Mann's addition to Rogers Park,—the description of the premises purchased by appellee according to the plat, which was a recognition by the appellant of said plat. (*Otis* v. *People*, 196 Ill. 542.) The law is well settled that where the owner of land subdivides the same and sells lots with reference to a plat which shows the streets and alleys of such subdivision, he is estopped to deny the existence of said streets and alleys, and a purchaser of lots in said subdivision is entitled to have the streets and alleys shown by the plat of the subdivision remain open for the use of his property and the use of the public. (*Earll* v. *City of Chicago*, 136 Ill. 277; *Russell* v. *City of Lincoln*, 200 id. 511; *Thompson* v. *Maloney*, 199 id. 276.) In such case an implied dedication arises by operation of law, founded upon the doctrine of equitable estoppel. (Elliott on Roads and Streets,—2d ed.—sec. 123.) The premises were vacant at the time they were purchased by appellee, and the deed clearly refers to a plat, as the property is described as being bounded upon the south and east by a sixteen-foot alley, and it was proper to identify by parol evidence the plat referred to and to show the purchase was made with reference thereto, not with a view to change the deed, but to show the circumstances under which the property was purchased, and that the conduct of the appellant was such at that time as to estop him from afterwards saying that said street was not dedicated to the use of appellee's property and the public. (*Zearing* v. *Raber*, 74 Ill. 409.) The dedication of a street is not within the Statute of Frauds. It may be evinced by acts and declarations, without any writing. *Alden Coal Co.* v. *Challis*, 200 Ill. 222.

The decree of the superior court will be affirmed.

*Decree affirmed.*