FRANK MARLOW, Appellee, *vs.* JOSEPH W. RICH, Appellant.

*Opinion filed December 21, 1911.*

1. PRACTICE—*when no exception is necessary.* Whether the proof in a suit to enjoin the obstruction of a street corresponds with the allegations of the bill is a question of law, and no exception to the master's report is necessary to raise such question. (*Dorn* v. *Farr,* 179 Ill. 110, and *Thornton* v. *Commonwealth Loan Ass'n,* 181 id. 456, distinguished.)

2. DEDICATION—*a dedication may be by parol.* A dedication of a street to the public may be evidenced by acts and declarations without any writing, and so far as an agreement concerns the dedication of a street to the public it is not affected by the Statute of Frauds.

3. SAME—*what tends to prove dedication of street.* Proof that the grantor, when selling a tract of land, verbally agreed, for an independent consideration, to leave a strip of adjoining land open for a public street, and that such strip was left open, was fenced on both sides and graded and used by the public, tends to show a dedication to the public, and there is such performance and change of situation of the parties as takes the contract out of the Statute of Frauds. (*Schneider* v. *Sulzer,* 212 Ill. 87, distinguished.)

APPEAL from the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding.

POTTS & CONAGHAN, and J. M. POWERS, for appellant.

JAMES A. CAMERON, and O. A. SMITH, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from the decree of the circuit court of Tazewell county enjoining the appellant and George Rich from obstructing the strip of land sixty-six feet wide between two tracts of land conveyed by appellant and George Rich and their sister, Barbara Rich, to appellee, which the bill of appellee alleged they had agreed to leave open as a passageway or street, and ordering the said Joseph W. Rich and George Rich to remove from said strip the house and other improvements and obstructions placed thereon.

The principal question of fact was whether a contract was entered into between the complainant and the defendants when he agreed to purchase the two tracts, that the strip of land between them should be left open and dedicated as a street to the village of Deer Creek. That there was such a contract was affirmed by the complainant and denied by the defendants, and the evidence was in irreconcilable conflict. It would not benefit anyone to repeat or analyze the testimony of the witnesses. After reading it we find no reason to disagree with the conclusions of the special master in chancery and the chancellor, and we think the undisputed facts make the testimony that there was a contract more probable than the contradictory testimony. In brief, the material facts as found are, that in December, 1903, the appellant and his brother, George Rich, and sister, Barbara Rich, owned a tract of twenty acres in the village of Deer Creek between the portion platted in lots and blocks and the north line of the village, and also owned a farm adjoining that tract on the north. The complainant negotiated with the appellant, acting for himself and his brother and sister, for the purchase of a portion of that tract, and the appellant refused to sell the strip in question because he wanted to reserve it for a street and an outlet from the farm. Main street ran north and south and its

north end was the south end of the strip. It was agreed that the complainant should buy about five acres on the west side of the strip and one acre on the east side at the north end, and was to pay $225 an acre and $95 for having the strip kept open as an extension of Main street. The parties looked over the premises, and at that time there was a roadway on the strip used by the owners and by others with their permission. A written contract was then entered into for the purchase of the two tracts, but the exact size or dimensions were not known and they were to be measured for the purpose of ascertaining the exact number of acres. The tracts were measured and stakes were set at the corners. The tract which would be west of Main street extended north contained four and two-thirds acres and measured 555 feet north and south across the entire twenty-acre tract. The one-acre tract was 189 feet north and south, extending from the north side of the twenty-acre tract and opposite the north part of the larger tract. The complainant refused to buy the one-acre tract unless Main street was extended north and kept open as a road or street. A deed was executed by appellant and his brother and sister to complainant conveying the two tracts, which were described by metes and bounds, the description of the larger tract commencing at the intersection of Green street and Main street and the other commencing 366 feet north of Green street on the east line of Main street, which was a point in the tract where no street had been laid out but which would be on the east line of Main street when extended. Reed & O'Brien's addition was afterward laid out on the twenty-acre tract south of the one-acre tract, and Main street was extended north by the plat to the southwest corner of the one acre bought by complainant, leaving that part of the strip 189 feet long north and south between the two tracts bought by the complainant, which is the part in dispute. After the purchase complainant built a house and barn on the one-acre tract and a cane mill opposite on

the larger tract.   He set out trees on each side of the strip
of land in dispute and the village at different times mowed
the grass and graded the roadway, and it was used as a
road until 1908, when it was obstructed.

The first complaint is, that the chancellor struck from
the files the exceptions of the defendants to the report of
the special master.   An order had been entered that the
objections filed with the master should stand as exceptions
to his report, and when exceptions were afterwards filed
they were stricken from the files.   Counsel feel that by such
action they were deprived of the right to present the ques-
tion whether the proof corresponded with the allegations
of the bill or was variant therefrom.   The bill alleged the
making of a parol contract, and counsel contend in one part
of the argument that the proof did not agree with that
allegation because the contract for the street was in writ-
ing; in another part that it was verbal and ceased to exist
because it was not put in the written contract, and again
that the contract could not be enforced because it was ver-
bal and subject to the Statute of Frauds.   There was some
very indefinite testimony that there was something about
the street in the written contract, but a witness who gave
testimony of that kind had testified to the contrary in a
previous trial, and the evidence for the defendants was that
nothing was said about the matter in the writing.   The con-
sideration in the deed included $95 more than the price
agreed upon for the land, but that was not a contract be-
tween the parties.   It does not appear to us that there was
a written contract about the street, but the appellant was
not affected by the ruling for the reason that no exception
was necessary to raise the question whether the proof con-
formed to the allegations of the bill.   That was a question
of law, and it is not necessary to except in order to have
such a question considered.   (*Hurd* v. *Goodrich*, 59 Ill.
450; *Hayes* v. *Hammond*, 162 id. 133; *VonPlaten* v. *Win-
terbotham*, 203 id. 198.)   In the case of *Dorn* v. *Farr*, 179

Ill. 110, a note was offered in evidence before the master and the objection did not point out or suggest any variance from the note described in the bill. This was necessary and the question of variance was not presented to the chancellor in any way. In *Thornton* v. *Commonwealth Loan Ass'n,* 181 Ill. 456, the objection was to the allowance of amounts paid for taxes and insurance and the appellant did not except to the allowance of them, which is necessary where an account is stated. On the day that the decree was entered, the defendants, by leave of the chancellor, filed an amendment to their answer, setting up for the first time the Statute of Frauds, making a new issue different from the questions before the special master. Disregarding the question whether this should have been done while the case was before the special master, there was such performance of the contract and such change in the situation of the parties that the Statute of Frauds could not apply. So far as the agreement to dedicate the street to the public was concerned, it was not affected by the Statute of Frauds because a dedication may be by parol. It may be evidenced by acts and declarations without any writing, (*Mann* v. *Bergmann,* 203 Ill. 406,) and the street was open, fenced on both sides and graded and used by the public, which tended to prove dedication.

In *Schneider* v. *Sulzer,* 212 Ill. 87, relied upon by appellant, the alleged agreement to pave a part of a street when opened was not a consideration for an agreement to dedicate it, while in this case the evidence showed an independent consideration for the promise.

We have considered all questions affecting the substantial rights of the parties and do not discover any reason for reversing the decree.

The decree is affirmed.                    *Decree affirmed.*